UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-891-DMG |
|---|---|
| Plaintiff, | PROTECTIVE ORDER [34] |
| v. | |
| ROBIN DIMAGGIO, | |
| Defendants. | |

    The Court having considered the stipulation of the government, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney Poonam G. Kumar, and defendant ROBIN DIMAGGIO ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Neha Christerna (collectively, the "parties"), with respect to the disclosure of sensitive and confidential information contained in discovery to be provided by the government to counsel of record for defendant in this matter and good cause appearing therefor, the Court hereby ORDERS as follows:

    1.   In order to permit the government to provide discovery material to the above-named counsel of record for defendant while avoiding the unauthorized dissemination, distribution, or use of

documents containing personal identification information, means of identification, financial records, tax records, and other sensitive or confidential information relating to third parties, the parties have stipulated to the entry of this Protective Order in the above-captioned case, <u>United States v. DiMaggio</u>, CR No. 18-891-DMG.

2. The term "Sensitive Information" shall mean dates of birth, social security numbers, driver's license numbers, pin numbers, bank or financial account information, taxpayer identification information, tax information, home addresses, phone numbers, email addresses, employment information, passwords, names of alleged victims, and grand jury materials.

3. The term "document" shall include written or printed matter of any kind including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation). The term "document" shall also include letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications and changes of any kind to the foregoing; and all recordings of information on computer, magnetic, electronic, or optic media such as computer hard drives, DVDs, CDs, audio or video tapes, computer tapes or discs, microfiche, films, and all manner of electronic data processing storage.

4. The term "Protected Discovery" shall mean Sensitive Information contained in documents that are produced to the defense by the government as discovery in this case. A document will not be considered Protected Discovery if all Sensitive Information is

redacted from the document.

5. Only defense counsel, defense counsel's agents, and defendant (the "defense team") may review the Protected Discovery in preparation for trial or other resolution of this matter, and that defense counsel, defense counsel's agents and defendant may only use the Protected Discovery personal information or any portion thereof for the specific purpose of litigating this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendants, and any motion filed by defendant pursuant to 28 U.S.C. § 2255. Upon the final disposition of this case, the Protected Discovery shall not be used, in any way, in any other matter, absent a court order.

6. Protected Discovery shall only be shared with defendant in the presence of his counsel or defense counsel's agents, and that defendant shall not be allowed to possess on his own any Protected Discovery.

7. Defense counsel shall advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any Protected Discovery.

8. The defense team shall not permit anyone who is not a member of the defense team to retain in his or her possession any Protected Discovery.

9. The defense team may review Protected Discovery with witnesses or witnesses' counsel in this case. Before being shown any portion of the Protected Discovery, however, the above-named counsel of record will advise any witness or witness' counsel of, and that witness or witness' counsel must agree to be bound by, the

1  requirements of the Protective Order.  No witness or witness' counsel
2  may retain the Protected Discovery, or any copy thereof, after his or
3  her review of those materials with the defense team is complete.

4      10.  The defense team shall maintain the Protected Discovery
5  safely and securely, and shall exercise reasonable care in ensuring
6  the confidentiality of those materials.

7      11.  To the extent that notes are made that memorialize, in
8  whole or in part, the contents of any Protected Discovery, or to the
9  extent that copies are made for authorized use by members of the
10 defense team, such notes, copies, or reproductions become Protected
11 Discovery and must be handled in accordance with the terms of the
12 Protective Order.

13     12.  In the event that a party needs to file Protected Discovery
14 with the Court or divulge the contents of such materials in court
15 filings, the filing should be made under seal, unless the parties
16 agree in writing that the specific document or documents may be filed
17 in the public record.  If the Court rejects the request to file such
18 information under seal, the party seeking to file such information
19 shall provide advance written notice to the other party to afford
20 such party an opportunity to object or otherwise respond to such
21 intention.  If the other party does not object to the proposed
22 filing, the party seeking to file such information shall redact the
23 Sensitive Information and make all reasonable attempts to limit the
24 divulging of Sensitive Information.

25     13.  All Protected Discovery maintained in the defense team's
26 files shall remain subject to the Protective Order unless and until
27 such order is modified by court order.  Within thirty days of being
28 notified that appellate and post-conviction proceedings have

concluded, the defense team shall return Protected Information and materials otherwise identified as containing Sensitive Information to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

14. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Discovery may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of the Protected Discovery and who shall then become responsible for returning all Protected Discovery to the government upon the conclusion of appellate and post-conviction proceedings.

15. The parties may modify the definition of Sensitive Information by stipulation or, in the event that no agreement can be reached between the parties, by an order of the Court upon a motion by a party to this case. This order may be modified by the Court upon a motion by a party to this case or stipulation of the parties to this case.

IT IS SO ORDERED.

January 29, 2019
DATE

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE