FILED
CLERK, U.S. DISTRICT COURT

6/28/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBIN DIMAGGIO,<br><br>　　　　Defendant. | Case No. CR 18-891-DMG<br><br>**ORDER MODIFYING BOND CONDITIONS** |

　　　　On June 6, 2019, upon Defendant's second ex parte application, the Court modified Defendant's bond conditions to remove the location monitoring bracelet so that—subject to several reasonable employment verification conditions—he could pursue "concrete employment prospects" as a drummer at a music studio for Universal Music Publishing. (ECF 40 at 2; ECF 42). Defendant represented that he had secured this job, which would allow him to work "as a drummer in the evenings and early mornings." (ECF 40 at 4). Previously, he had expressed the need "to seek part-time employment in the evenings to supplement his low-income," and assured that he could "secure part-time employment at Capital Records or Henson Recording Studios in the evenings." (ECF 37 at 3). But now, in his third ex parte application, Defendant says that his drumming work would be "sporadic," to be performed "on an as-needed basis," so he needs the "flexibility" to drum just a few hours at a time with less than 24 hours'

notice. (ECF 43 at 3). Even accounting for his employment and pay would be challenging, Defendant says, because the "pay depends on the artist" and "there rarely is a contract for a musician who is playing . . . in a recording studio." (ECF 43 at 6). What were once "concrete" part-time employment prospects at specifically named music recording studios have now turned into per-gig jobs that will "fluctuate[]" in availability with often only an "hour's notice." (*Id.*). And Defendant hastens to add that the ankle bracelet would impede not just his actual work in the evenings, but also his practice during the day—that he'd be doing while attending to his ailing mother's daily needs, for which he is also getting paid. (*Id.*; ECF 40 at 4).

Defendant's claims are no longer credible. To begin with, his first ex parte application was denied in part because Defendant had not shown why he could not obtain alternative employment, other than drumming, in the music and entertainment industry. He later even acknowledged that he "ha[d] worked other jobs, including as a Musical Director for the United Nations . . . and as a songwriter and producer." (ECF 40 at 2 n.2). None of these kinds of alternative jobs would require removal of the location monitoring bracelet. What is more, if the biographical information Defendant submitted to the Court to show that "drumming has been his primary source of income" is even half accurate (*id.*), then it blinks reality to suggest that Defendant must resort to ad hoc jobs like a starving Los Angeles artist:

> Robin DiMaggio (born 1971) is an American drummer and classical/world percussionist based out of Los Angeles. He has performed/recorded with artists as diverse as Steve Vai, Paul Simon, Diana Ross, and Dr. Dre. He has also worked as a producer/songwriter and a composer/arranger, and produced the albums Road to Forever (2012) by Don Felder of The Eagles and Be Here Then (2014) by Stephen Bishop. As a drummer and percussionist, DiMaggio has performed/recorded with a variety of artists including Paul Simon, David Bowie, Jackson Browne, Diana Ross, Tupac, Dr. Dre, Luther Vandross, Lil Jon, Martina McBride, Daft Punk, Johnny Cash, and Chris Isaak, among others, as well as sitarist/composer Ravi Shankar and violin maestro L. Shankar. On September 9, 2013, DiMagio took the role of Musical Director and drummer for the late night TV show

> the Arsenio Hall Show on CBS.  He has since performed with Nelly, Flo Rida, R. Kelly, Billy Ray Cyrus, Gladys Knight, and Earth Wind and Fire, among others.  Prior to Arsenio, he was the house band drummer on the CW's hit game show Oh Sit and TBS's Lopez Tonight, hosted by George Lopez. . . .  DiMagio once served as a Musical Director during the PGA Gala 67th, 68th & 69th session at the General Assembly and also served as Musical Director for the South South Awards year during the General Assembly in Sept at the Majestic Waldorf Astoria N.Y.  DiMagio in 2015 was a musical Director to the United Nations.

(ECF 40-1 at 2-3).  To be sure, the Court understands that pending criminal charges may make full-time employment of the kind that Defendant had before his indictment much more difficult to obtain.  That is why the Court agreed earlier this month to remove the ankle bracelet to let him pursue at least reliable part-time employment, so long as Defendant provided reasonable documentation to Pretrial Services of his prospective employer, hours worked (part-time, which is what Defendant said he wanted to do), and payments received.  But now even these conditions are evidently too onerous for Defendant.

      Enough is enough.  The idea that a 5.5-ounce ankle bracelet would so interfere with Defendant's ability to drum—when this bracelet is worn successfully by others engaged in equally or more strenuous activities—was dubious to begin with.  Yet the Court gave Defendant the benefit of the doubt, given his representations of having secured solid, credible part-time employment.  And, importantly, because Defendant said he needed to obtain *steady* part-time employment (which usually means 20 hours) to supplement his income, the Court modified this condition with the expectation that Defendant would be working enough to justify permanent removal of the anklet.  But now Defendant says that his work would be unpredictable, sporadic, and subject to forces beyond his control.  If that is true, there is even *less* justification to permanently remove the location monitoring bracelet pending trial, given the countervailing risks of flight and non-appearance that Defendant poses.

For all these reasons, the Court will make the following final modifications to the conditions of Defendant's bond:

IT IS HEREBY ORDERED that the electronic monitoring condition be modified to remove the location monitoring anklet so that Defendant may work as a drummer part-time, provided that Defendant supplies to Pretrial Services, in a form acceptable to his Pretrial Services Officer:  (1) written proof of employment (even if ad hoc) at least 24 hours in advance of each job, (2) written proof of days and hours worked within 24 hours of performing the work, and (3) written proof of the income or other monies paid to Defendant within 24 hours of being paid.

IT IS FURTHER ORDERED that if the Pretrial Services Officer, at any time, determines that Defendant is not working a sufficient amount of time or earning a sufficient amount of income to justify permanent removal of the location monitoring anklet, or if Defendant fails to provide on time the required written proof as ordered here without adequate excuse, the Officer shall reinstall the location monitoring anklet without further court order.  Nothing in this order prevents Defendant from obtaining work other than as a drummer, nor does it affect standard employment approval and verification conditions that Pretrial Services ordinarily imposes, so long as they are not inconsistent with the modified conditions described here.

All other conditions of bond remain as previously set.  No further requests for modification of Defendant's location monitoring condition may be filed absent extraordinary circumstances.

**IT IS SO ORDERED.**

DATED:  June 28, 2019

STEVE KIM
United States Magistrate Judge

Attachment: Modified Bond
cc: PSA