NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0719
    Facsimile: (213) 894-6269
    E-mail:   poonam.kumar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 18-891-DMG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ROBIN DIMAGGIO, | |
| Defendant. | **CURRENT TRIAL DATE:** 08/27/2019<br>**PROPOSED TRIAL DATE:** 10/29/2019 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Poonam G. Kumar, and defendant Robin DiMaggio ("defendant"), both individually and by and through his counsel of record, Erin Murphy, hereby stipulate as follows:

1. The Indictment in this case was filed on December 20, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 10, 2018.

The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 28, 2019.

2. On January 8, 2019, the Court set a trial date of March 12, 2019 and a pre-trial conference for February 27, 2019.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately four days.

4. The Court has previously continued the trial date in this case from March 12, 2019 to August 27, 2019, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to October 29, 2019 and the pre-trial conference to October 16, 2019. This is the third request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 1343: Wire Fraud and 18 U.S.C. § 1957: Transacting in Criminally-Derived Proceeds. The government has produced nearly 10,000 pages, including records from civil suits filed against defendant, reports of interview with witnesses and victims, bank records, and escrow records.

    b. Defense counsel for defendant is presently scheduled to be in trial in a two-day drug distribution case in 18-CR-341-DSF on August 6, 2019; a three-day drug distribution case in 18-CR-417-VAP on August 13, 2019; a two-day illegal alien in possession of ammunition case in 18-CR-242-DMG on August 20, 2019; a four-day felon

2

1 in possession case in 18-CR-164-AB on August 27, 2019; a three-day
2 drug distribution case in 13-CR-863-JAK on September 10, 2019; a two-
3 day illegal reentry after deportation case in 18-CR-247-ODW on
4 September 24, 2019; a bank fraud case in 18-CR-65-FMO on September
5 24, 2019; a four-day wire fraud case in 18-CR-627-FMO on October 8,
6 2019; an unauthorized access device and aggravated identity theft
7 case in 18-CR-351-CAS on October 19, 2019; a three-day felon in
8 possession case in 18-CR-860-FMO on October 29, 2019; a drug
9 distribution case in 18-CR-333-VAP on November 12, 2019; a drug
10 distribution case in 19-CR-164-MWF on October 15, 2019;

     c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

     e.   The government does not object to the continuance.

     f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 27, 2019 to October 29, 2019, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

//

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 22, 2019                    Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        POONAM G. KUMAR
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

I am Robin DiMaggio's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 29, 2019 is an informed and voluntary one.

| s/ Erin Murphy | July 25, 2019 |
|---|---|
| ERIN MURPHY<br>Attorney for Defendant<br>ROBIN DIMAGGIO | Date |

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 29, 2019. I understand that I will be ordered to appear in Courtroom 8C of the Federal Courthouse, 350 West First Street, Los Angeles, California on October 16, 2019 at 2:00 P.M.

| /s/ Robin DiMaggio | July 26 2019 |
|---|---|
| ROBIN DIMAGGIO<br>Defendant | Date |